IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dion Orlando Taylor, | ) | C/A No. 0:19-1281-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| Al Cannon Sheriff's Department; Al Cannon Detention Center; Stephanie Singleton, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Dion Orlando Taylor, a self-represented state pretrial detainee, brings this civil rights action pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.   Factual and Procedural Background**

Plaintiff, an inmate in the Al Cannon Detention Center in Charleston County, South Carolina, indicates he brings this action for violations of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*.; and defamation. (ECF No. 1 at 5.) The body of the Complaint is difficult to understand, but Plaintiff appears to claim that because he "didn't sit on a stool on lockup" he was not fed for two days and was deprived showers, blankets, a mattress, and an Islamic diet for twelve days. (Id. at 8-9.) He claims his pre-existing mental illness made this situation worse. (Id. at 9.) He appears to separately claim that he has faced threats from other inmates because "officers and staff" told

inmates and jail staff what Plaintiff's criminal charges were, called him a homosexual, and commented on his "private parts." (Id. at 6, 12.) As to Defendant Stephanie Singleton, the "legal liaison" at the jail, Plaintiff claims she impeded his access to the courts by not providing requisite legal information and case law to Plaintiff. (Id. at 7.) He seeks to be able to freely practice his religion and monetary damages for the various violations. (Id. at 9.)

**II.     Discussion**

   **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain



sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

Plaintiff raises claims pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person" acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff also raises claims pursuant to RLUIPA, which provides that "no government shall impose a substantial burden on the religious exercise" of a person detained in a jail or pretrial detention facility "unless the government demonstrates that imposition of the burden on that person

PJG

is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

Two of the named defendants in this action—Al Cannon Sheriff's Department and Al Cannon Detention Center—are not "persons" amenable to suit under § 1983 because they are not individuals, political bodies, or corporate entities. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see, e.g., Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); Nelson v. Lexington Cty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). Similarly, these defendants are not a properly named "government" amenable to suit under RLUIPA. See 42 U.S.C. § 2000cc-5(4)(A). Thus, Defendants Al Cannon Sheriff's Department and Al Cannon Detention Center are subject to summary dismissal.

To the extent Plaintiff intended to name the Charleston County Sheriff in his official capacity, the Eleventh Amendment would bar Plaintiff's federal *damages* claims because the Sheriff is an arm of the State of South Carolina. See Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities), aff'd, 878 F.2d 379 (4th Cir. 1989) (table); see also Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890); and Sossamon v. Texas, 563 U.S. 277, 285-86 (2011) (providing that RLUIPA

claims against states are barred by sovereign immunity). Similarly, Plaintiff may not initiate a state tort claim against a state entity in federal court. See e.g. Gaskins v. South Carolina, C/A No. 8:15-4456-JMC-JDA, 2016 WL 8677201, at *3 (D.S.C. Jan. 8, 2016) (observing that a claim sought to be filed initially in federal court under the South Carolina Tort Claims Act "is not permitted in this federal court because of the Eleventh Amendment"), adopted by 2016 WL 3207855 (D.S.C. June 10, 2016); cf. Lapides v. Bd. of Regents, 535 U.S. 613, 622 (2002) (holding that a State that voluntarily invokes the jurisdiction of the federal court by removing a case waives immunity for claims in which *it has consented to suit in its own courts*). However, the court notes that a plaintiff may seek prospective injunctive relief for federal claims against the Sheriff in his official capacity as an arm of the State. See generally Ex parte Young, 209 U.S. 123 (1908).[1]

As to the other named defendant, Singleton, Plaintiff fails to provide any facts that would plausibly show she caused Plaintiff's purported lack of access to legal materials or courts. Under the Fourteenth Amendment inmates have a "fundamental constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 828 (1977); see also Magee v. Waters, 810 F.2d 451 (4th Cir. 1987) (applying Bounds's access to the courts requirement to pretrial detainees). To raise a claim that an inmate has been unconstitutionally denied access to the courts, he cannot rely on conclusory allegations. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Rather, he must show actual injury or prejudice resulting from the official conduct, specifically, that the alleged deficiency in the legal access program hindered his effort to pursue his legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996); Cochran, 73 F.3d at 1317 (citing Strickler v. Waters, 989 F.2d 1375, 1384 (4th Cir.

---

[1] To the extent Plaintiff intends to name the Charleston County Sheriff in his official capacity or any individuals as defendants in this action, Plaintiff must file an Amended Complaint that properly identifies the defendants.

Page 5 of 8



1993)). Here, Plaintiff fails to provide any facts that show how he was injured by Singleton, including what materials he was not able to access or how Singleton caused the deprivation. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through her own individual actions, violated the Constitution). Accordingly, Plaintiff fails to provide facts that state a plausible claim of a constitutional violation upon which relief can be granted against Singleton.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[2] In a contemporaneously issued order, the court has provided Plaintiff with instructions to bring this case into proper form for initial review and the issuance and service of process. In that order are instructions to fill out the standard *pro se* prisoner complaint form attached to the order. Plaintiff should use the complaint form attached to that order to correct the deficiencies identified here. If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

---

[2] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").



**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 29, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).