# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Dion Orlando Taylor,  )<br>  )<br>       Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Chaplain Smalls; Sheriff Al Cannon;  )<br>Makayla; Ofc. Krause; Ofc. Connelly;  )<br>and Sgt. Lass,  )<br>  )<br>       Defendants.  )<br>_____  ) | C/A No. 0:19-1281-TMC<br><br>**ORDER** |

Plaintiff Dion Orlando Taylor, proceeding *pro se*, filed this action seeking relief pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 13).[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the Report and Recommendation ("Report") of the magistrate judge recommending that this action be dismissed with prejudice for lack of prosecution. (ECF No. 81).

On January 27, 2020, Defendants filed a motion to dismiss. (ECF No. 69). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the magistrate judge entered an order advising Plaintiff that he had thirty-one days to file any material in opposition to the motion to dismiss and that, if he failed to respond adequately, the

---

[1] On June 24, 2019, Plaintiff filed an amended complaint. (ECF No. 13).

motion to dismiss could be granted, thereby ending his case. (ECF No. 71). On January 28, 2020, the *Roseboro* order was sent via United States Mail to Plaintiff at the address he provided the court. (ECF No. 72). Plaintiff moved for an extension of time in which to respond to Defendants' motion to dismiss. (ECF No. 73). The magistrate judge entered an order granting an extension of time to respond until March 30, 2020, but again warning Plaintiff that failure to respond could result in dismissal of this action with prejudice for failure to prosecute. (ECF No. 74). On February 12, 2020, the magistrate judge's order was sent via United States Mail to Plaintiff at the address he provided the court. (ECF No. 76). Finally, Plaintiff's time for responding was extended by an additional twenty-one days pursuant to the court's Standing Order relating to the public health emergency regarding COVID-19. (ECF No. 78). On March 31, 2020, notice of the court's Standing Order was sent via United States Mail to Plaintiff at the address he provided the court. (ECF No. 79).

Despite the extensions of time and notwithstanding the warnings given by the magistrate judge, Plaintiff failed to respond to Defendants' motion. As a result, on April 27, 2020, the magistrate issued a Report recommending that this court dismiss Plaintiff's action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and that all pending motions be denied as moot. (ECF No. 81 at 2). The Report advised Plaintiff of his right to file specific objections

to the findings, conclusions and recommendations set forth in the Report and warned him of the consequences of failing to do so. *Id*. at 3. On April 27, 2020, the Report was mailed to Plaintiff at the address he provided the court, (ECF No. 82), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Although Plaintiff was advised of his right to file specific objections to the Report, he has failed to do so. The time for Plaintiff to object to the Report has now expired , and this matter is ripe for review.

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report. (ECF No. 81). It is well established that a court has the authority to dismiss a case pursuant to Federal Rule

3

of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
> 
> (2) the amount of prejudice to the defendant caused by the delay;
> 
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and
> 
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (internal quotation marks omitted). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See id*. at 95–96.

Having considered the record in light of the applicable factors, the court concludes that it is appropriate to dismiss this action. Accordingly, the court

**ADOPTS** the Report (ECF No. 81) and **DISMISSES** this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Any pending motions are **DENIED** as moot.

    **IT IS SO ORDERED**.

s/ Timothy M. Cain
United States District Judge

May 28, 2020
Anderson, South Carolina